IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS COOK,<br><br>    Plaintiff,<br><br>  v.<br><br>CHAMPION TANKERS AS,<br><br>    Defendant.<br>_____/ | No. C 12-01965 JSW<br><br>**ORDER DENYING REQUEST FOR DISCOVERY PERTAINING TO MOTION TO DISMISS BASED ON FORUM NON CONVENIENS, REQUIRING FURTHER BRIEFING, CONTINUING HEARING DATE, AND VACATING CASE MANAGEMENT CONFERENCE** |

    Now before the Court for consideration is the motion to dismiss filed by Defendant Champion Tankers AS ("CT"). CT moved to dismiss on the bases of *res judicata*, collateral estoppel, lack of personal jurisdiction and forum non conveniens. Pursuant to stipulation, the parties agreed that the Court should bifurcate the issues of *res judicata* and collateral estoppel and resolve those issues in the first instance. CT's motion is premised on its argument that this action is barred by a ruling in *Cook v. Champion Shipping AS*, in which the district court dismissed on the basis of forum non conveniens. 732 F. Supp. 2d 1029 (E.D. Cal. 2010), *aff'd* 463 Fed. Appx. 626 (9th Cir. 2011) ("*Cook I*").

    When the parties agreed to bifurcate the issues presented in CT's motion, they also agreed that those issues "pose[d] no issues of fact, *require[d] no preliminary discovery*, and [could] be briefed, submitted, and decided as a pure matter of law." (Docket No. 33, Stipulation and Order Bifurcating Hearing on Motion to Dismiss at 1:27-2:2 (emphasis added).) Although

he agreed that discovery was not necessary, Plaintiff, Thomas Cook ("Cook"), now requests the opportunity to conduct discovery to show that there are material factual differences between this case and *Cook I*. Cook argues that this discovery is necessary to show that the ruling in *Cook I* does not have preclusive effect in this case. The Court concludes that Cook has not shown that any further discovery is necessary to resolve the issue of forum non conveniens, and it DENIES his request to conduct discovery on that issue.

In addition, having reviewed the parties' papers and the arguments presented on whether collateral estoppel bars Cook's claims, the Court concludes that it would be beneficial to have the issue of whether this case should be dismissed on the basis of forum non conveniens fully briefed. Because CT has fully briefed this issue in its motion, it is HEREBY ORDERED that Cook shall file a supplemental opposition brief on this issue, and any supporting evidence, by no later than January 29, 2013. Cook's opposition brief shall not exceed ten (10) pages. CT's supplemental reply, which also shall not exceed ten pages, shall be due by no later than February 5, 2013.

The Court HEREBY CONTINUES the hearing scheduled for January 18, 2013 to March 1, 2013 at 9:00 a.m. If the Court finds the motion suitable for disposition without oral argument, it will advise the parties in advance of the hearing date.

The Court VACATES the initial case management conference scheduled for February 8, 2013 at 1:30 p.m., and it shall reschedule the case management conference, if necessary, once it has resolved the pending motion.

**IT IS SO ORDERED.**

Dated: January 15, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2